**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF NEW YORK**

**JOHN DOE**,
Plaintiff,

-vs-

**UNIVERSITY OF ROCHESTER**,
Defendant.

**Civil Action No. 6:26-cv-06103**

**The Honorable Meredith A. Vacca**

**JOHN DOE'S NOTICE OF SUPPLEMENTAL AUTHORITY**

John Doe hereby gives notice of the decision of the United States Court of Appeals for the Third Circuit in *John Doe v. Princeton University*, No. 25-2014, --- F.4th ---, 2026 WL 2096642 (3d Cir. July 21, 2026) ("*Princeton IV*"), which was handed down yesterday. *Princeton IV* lends further support to John's opposition to the University of Rochester's motion to dismiss his Title IX and breach of contract claims.

With respect to John's Title IX claim:

1. *Princeton IV* held that background pressure on a school to resolve Title IX claims in gender-biased ways stretching back as far as 2011 supplied evidence of gender bias where it was followed by continuing efforts—from within and outside the school—to resolve claims in gender-biased ways. *Princeton IV*, 2026 WL 2096642 at *8-9 (detailing government pressure starting in 2011, campus activism in 2019, and further campus pressure through 2023). Here, John alleges government pressure starting in 2011 followed by the unusual prevalence of the "#MeToo" movement on campus through 2017, which campus activists continued to press through 2021, and whose themes came to be reflected in the training materials UR chose to adopt

and use in John's own proceeding. Dkt. 27 (John Doe's Opposition to Defendant's Motion to Dismiss) at 19-20 (hereafter "Opposition").

2. *Princeton IV* held that all of the following things—which John similarly alleges here—supply evidence of gender bias under Title IX:

- A decision that goes against the great weight of the evidence. *Princeton IV*, 2026 WL 2096642 at *11 (decision that labeled complainants "consistent" when they were not supplied evidence of gender bias); *see* Opposition at 19.

- A school's "conduct[ig] its investigation in an imbalanced manner" by failing to pursue relevant witnesses. *Princeton IV*, 2026 WL 2096642 at *10; *see* Opposition at 5, 22, 23 (UR's failure to interview or allow questioning about A.D.).

- A school's failure to "probe inconsistencies in female witnesses' stories," *Princeton IV*, 2026 WL 2096642 at *10 (internal quotation marks omitted); *see* Opposition at 1, 13-14.

With respect to John's breach of contract claim, *Princeton IV* is instructive because in New Jersey, as in New York, there is a breach of contract in the educational setting when a school fails to "substantially comply" with its disciplinary codes. *Doe v. Princeton Univ.*, 790 Fed. App'x 379, 385 (3d Cir. 2019) (New Jersey law); Dkt. #20-1 (UR's Memorandum in Support of Motion to Dismiss) at 16 (New York law). And as here, the appellant in *Princeton IV* argued that the school had breached its promise to apply the required evidentiary standard.[1] *Princeton IV* held that the following things—also present here—supported such a claim:

1. *Princeton IV* held that the appellant's allegations that the Princeton had "disregard[ed] evidence" that was "exculpatory" supported his claim that Princeton had not actually judged his case by the relevant evidentiary standard. *Princeton IV*, 2026 WL 2096642 at *13. The evidence

[1] The evidentiary standard at issue in *Princeton IV* was a "clear and persuasive evidence" standard, while the evidentiary standard at issue here is the lower "preponderance of the evidence" standard. But the *Princeton IV* court specifically said that the allegations in that would "easily clear th[e] 'preponderance' bar, let alone the 'clear and persuasive' standard applicable" there. *Princeton IV*, 2026 WL 2096642, at *13.

supporting that allegation was that Princeton had failed to pursue two relevant witnesses. *Id.* John alleges the same here. *See* Opposition at 22.

2. *Princeton IV* also said that Princeton's "fail[ure] to challenge" a complainant's "inconsistent narratives of the alleged assaults" was evidence that it had made "skewed credibility determinations," which likewise showed that it had not actually judged the case by the relevant evidentiary standard. *Princeton IV*, 2026 WL 2096642 at *14. John again alleges the same. *See* Opposition at 1, 13-14.

John Doe therefore respectfully submits *Princeton IV* as supplemental authority to his Opposition.

DATED: July 22, 2026

Respectfully submitted,

/s/ Justin Dillon
Justin Dillon
Christopher C. Muha
Kimberly Blasey
Dillon PLLC
1717 K Street, Suite 900
Washington, DC 20005
(202) 787-5858
jdillon@dillonpllc.com
cmuha@dillonpllc.com
kblasey@dillonpllc.com

/s/ Brian Melber
Brian Melber (N.Y. Bar No. 2789840)
Personius Melber LLP
2100 Main Place Tower
350 Main St.
Buffalo, NY 14202
(716) 855-1050
bmm@personiusmelber.com

*Attorneys for Plaintiff John Doe*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 22, 2026, I caused the foregoing to be electronically filed through the Court's CM/ECF system, and thereby to be served upon all counsel appearing in this case.

/s/ Brian Melber
Brian Melber (N.Y. Bar No. 2789840)
Personius Melber LLP
2100 Main Place Tower
350 Main St.
Buffalo, NY 14202
(716) 855-1050
bmm@personiusmelber.com

*Attorney for Plaintiff John Doe*

Dated: July 22, 2026